IN THE CIRCUIT COURT FOR CHARLES COUNTY, MARYLAND

JAMES LYNDON BARNES  
118 Oak Avenue  
La Plata, Maryland 20646  

    Plaintiff  

v.  

DANIEL HOWARD BARRETT, INC.  
Serve: Daniel H. Barrett  
12008 Balls Ford Road  
Manassas, Virginia 20109  

    Defendant  

Daniel H. Barrett  
12008 Balls Ford Road  
Manassas, Virginia 20109  

    Defendant  

CASE NO.:

## COMPLAINT

COMES NOW, Plaintiff, James Lyndon Barnes, by and through his attorneys Frank R. Jones and Sasscer, Clagett & Bucher, and sues the Defendant's, Daniel H. Barrett, Inc., and Daniel Howard Barrett, and for reasons therefore states as follows:

### INTRODUCTION

1. This personal injury case arises out of Defendant Daniel Barrett's unlawful, negligent, and reckless, operation of a truck in furtherance of the operation of trash and debris removal and the trucking delivery business of Daniel H. Barrett, Inc.

1


EXHIBIT A

## JURISDICTION AND VENUE

2. The amount in controversy exceeds the concurrent jurisdictional limitations of the District Court of Maryland. Venue is proper in the Defendant's wrongful and tortious conduct occurred in Charles County, Maryland.

## THE PARTIES

3. Plaintiff, James Lyndon Barnes, (hereinafter "Barnes") is a resident of La Plata, Charles County, Maryland.

4. Defendant, Daniel Howard Barrett, (hereinafter "Barrett") is a resident of Manassas, Virginia.

5. Daniel H. Barrett, Inc. (hereinafter "Barrett, Inc.") is a Virginia Company. It regularly does business in the State of Maryland. It is engaged in trash removal and hauling in the Metropolitan Washington, D.C. area, including Charles County, Maryland.

## COUNT I

### (Negligence - Barrett)

6. Plaintiff hereby repeats and realleges, as though set forth fully, the allegations contained in Paragraphs 1 and 3 of this Complaint.

7. The automobile accident giving rise to this Complaint occurred on March 17, 2013 on Northbound Crain Highway (US Route 301), Charles County, Maryland.

8. On or about the 17th of March, 2013, at approximately 8:36 p.m., Plaintiff, Barnes, was lawfully operating his 2011 Chevrolet Malibu on Route 301 North of its intersection with South Faulkner Road in Charles County, Maryland.

9. At the location of the crossover between Southbound Route 301 and Northbound 301 between Popes Creek Road and Faulkner Road, a posted yield sign requires traffic turning from Southbound Route 301 to yield to traffic on Northbound Route 301.

10. At the same place and time, a vehicle driven by Defendant Barrett was attempting to turn around his 2003 Mack Truck from the Southbound lanes of Route 301 into the Northbound lanes of Route 301. Defendant Barrett failed to yield to oncoming traffic and entered the Northbound lanes of Route 301 rendering both lanes of traffic to be blocked by his large 2003 Mack Truck.

11. At all times relevant herein, the Defendant Barrett, had a duty to maintain a proper lookout; to exercise due care in the operation of his motor vehicle; to operate the motor vehicle in a safe and prudent manner; to yield the right of way to ongoing traffic; to maintain control over his vehicle; to drive in accordance with all prevailing Maryland traffic rules and regulations; and otherwise to pay full time and attention in the operation of her vehicle.

12. The Defendant, Barrett, breached his aforementioned duties to the Plaintiff, Barnes, in failing to maintain a proper lookout; in failing to exercise due care in the operation of his motor vehicle; in failing to operate his motor vehicle in a safe and prudent manner; and in a reckless and careless manner by failing to yield the right of way by illegally making a left turn into oncoming traffic and blocking the through lanes of traffic; in failing to maintain control of his motor vehicle; in failing to maneuver his motor vehicle so as to yield the right of way and avoid a collision with the vehicle driven by Barnes; in failing to drive in accordance with all prevailing Maryland traffic rules and

regulations; and otherwise in failing to pay full time and attention to the operation of his motor vehicle.

13. As a direct and proximate result of the negligence of the Defendant, Barrett, the Plaintiff, Barnes, received severe, painful and permanent injuries to his body, which have caused him and will continue to cause him great pain and mental anguish.

14. That as a direct and proximate cause of the negligence, recklessness and carelessness of the Defendant, Barrett, the Plaintiff, Barnes, suffered serious, painful and permanent injuries to his body as well as great emotional stress and psychological damage, all of which are permanent in nature.

15. That the negligent conduct of the Defendant, Barrett, proximately caused the Plaintiff, Barnes, to suffer and continue to suffer now and in the future, serious and permanent injuries about his head, body and limbs, and to suffer and to continue to suffer now and in the future, great physical and mental pain and anguish; has caused his to incur and continue to incur now and in the future, substantial medical and out-of-pocket expenses, and has caused him to suffer and continue to suffer now and in the future, a loss of wages and loss in his wage-earning capacity; and has incurred property damage. All such injuries were caused due and in part by the negligence of the Defendant, Barrett, without any negligence of the Plaintiff, Barnes, contributing thereto.

16. At no time relevant herein was the Plaintiff, Barnes, contributorily negligent nor did he assume the risk.

**WHEREFORE**, the Plaintiff, James Lyndon Barnes, demands judgment against the Defendant, Daniel Howard Barrett, in the sum in excess of Seventy Five Thousand Dollars ($75,000.00) with costs and interest.

### COUNT II
### (Respondent Superior – Daniel H. Barrett, Inc.)

17. Plaintiff hereby repeats and re-alleges, as though fully set forth herein, the allegations contained in Paragraphs 1 through 16 of this Complaint.

18. At the time of the accident, Defendant Barrett was employed by Barrett, Inc. to operate vehicles engaging in trash and debris removal hauling and trucking services and was acting in the course and scope of his employment with Barrett, Inc.

19. At the time of the accident, Defendant Barrett was acting for and on behalf of Barrett, Inc., advancing its interests.

20. At no time has Barrett, Inc. denied Barrett's employment or repudiated his actions on its behalf.

21. As a result of the negligence of its employee, Barrett, Inc. caused Barnes to suffer the injuries and damages set forth herein.

**WHEREFORE**, the Plaintiff, James Lyndon Barnes, demands judgment against the Defendant, Daniel H. Barrett, Inc., in the sum in excess of Seventy Five Thousand Dollars ($75,000.00) with costs and interest.

## COUNT III

### (Negligent Hiring and Retention – Daniel H. Barrett, Inc.)

22. Plaintiff hereby repeats and re-alleges, as though set forth fully herein, the allegations contained in Paragraph 1 through 21 of this Complaint.

23. Prior to March 17, 2013, Barrett, Inc. employed Barrett to operate its large trucks in its trash removal and hauling and trucking business.

24. Barrett, Inc. had reasonable opportunity to investigate and determine the suitability of allowing a person of Barrett's age, health and medical condition to operate its large vehicles and carry out his assigned tasks.

25. Had Barrett, Inc. conducted a reasonable and appropriate investigation of Defendant Barrett's age, health, and medical condition, Barrett, Inc. would have learned that Defendant Barrett was not of sound mind, age or health to operate large vehicles and was an unfit and unsafe driver.

26. As of March 17, 2013, Barrett was 77 years of age and not capable or competent to conduct trucking services for Barrett, Inc., particularly at night.

27. In the years leading up to March 17, 2013, Defendant Barrett had received multiple traffic citations, putting Defendant Barrett, Inc. on notice of Defendant Barrett's incapability to operate a vehicle safely merely searching local court records or reviewing his driving record.

28. Barrett had a duty to use reasonable care to select an employee/driver who was competent and fit to operate a motor vehicle safely. Barrett, Inc. knew or should have known that Barrett posed an unreasonable risk of harm to the public in operating a vehicle safely to carry out its trucking abilities.

29. As a result of the aforesaid negligence of Barrett, Inc., Barrett, Inc. empowered Barrett to act on its behalf to operate a vehicle and carry out its trucking activities and was doing so as its agent, servant and employee when he caused the accident with Barnes and severely injured Barnes.

30. As a direct and proximate result of the negligence of Barrett, Inc., the Plaintiff Barrett received severe, painful and permanent injuries to his body which have caused him and will continue to cause him great pain, disfigurement and mental anguish.

31. As a further direct and proximate result of the negligence of Defendant Barrett, the Plaintiff Barnes has been forced to expend and will continue to expend in the future large sums of money for hospitalization, x-rays, doctors, nurses, medical treatment and medications of his foresaid injuries. Plaintiff Barnes also suffered a loss of income in the past and is likely to suffer lost wages in the future.

**WHEREFORE**, the Plaintiff, James Lyndon Barnes, demands judgment against the Defendant, Daniel H. Barrett, Inc., in the sum in excess of Seventy Five Thousand Dollars ($75,000.00) with costs and interest.

Respectfully submitted,

Frank R. Jones, Esquire
Sasscer, Clagett & Bucher
5407 Water St., Suite 101
Upper Marlboro, MD 20772
301-627-5500 / 301-627-4156 fax
fjones@scblawyers.com